**O**

TICKLE DATE: _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9/10

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Strike and for a More Definite Statement**

Pending before the Court is the Defendants' Motion to Dismiss, Strike and for a More Definite Statement. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and Denies in part the Motion.

I.   Background

*Pro se* Plaintiff Rodrick A. Sinclair ("Plaintiff") filed a Complaint in this Court on September 15, 2010, naming the Culver City Unified School District ("School District") and Patricia Jaffe ("Jaffe"), in her official and individual capacities, as Defendants (collectively, "Defendants"). The allegations in the Complaint are, at times, unclear, and the facts of the case that follow represent the Court's understanding of the Complaint and the papers submitted by the parties in conjunction with Defendants' Motion to Dismiss.

Until March of 2008, Plaintiff was employed as a custodian by the School District. He never missed a day of work until he was arrested on February 12, 2008. Plaintiff was unable to attend work as a result of his arrest, and he failed to notify the School District of the reason for his absence until March 14, 2008, when he contacted a payroll technician. Just before his arrest, Plaintiff began experiencing anxiety on the job and sought treatment at Kaiser Permanente. In addition, Plaintiff suffered from an injured ankle. Plaintiff was released from custody on March

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9/10

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

10, 2008, and on March 11 the School District terminated his employment because he "abandoned his position."

    Although Plaintiff did not contact the School District while he was in jail, Plaintiff's mother called at the end of February, before his termination, and stated that Plaintiff was too ill to work or contact the School District himself. After his termination in March, Plaintiff provided records from Kaiser Permanente, indicating that he had been seen for an ankle injury and anxiety and that he would be able to resume work in March or April.

    After terminating Plaintiff's employment, Jaffe, Assistant Superintendent of Human Resources for the School District, learned that Plaintiff was not a probationary employee who could be fired at any time without due process rights. Upon learning this, the School District held a due process hearing on October 14, 2008, when it was determined that Plaintiff's dismissal was for just cause. Plaintiff maintains that he was discharged because of his disability and his race—African-American—in violation of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964, respectively. Plaintiff filed this case with claims for violations of those acts, as well as 42 U.S.C. § 1983 claims for both deprivation of his due process rights based on irregularities in the termination proceeding and violations of his Fourth Amendment rights to be free from unreasonable searches and seizures.

    Currently pending before the Court is Defendants' Motion to Dismiss, Strike, and for a More Definite Statement. For the reasons that follow, Defendants Motion is granted in part and denied in part.

II.    <u>Discussion</u>

    In the Motion, Defendants (1) move to dismiss Plaintiff's § 1983 claim for failure to state a claim upon which relief can be granted, (2) move to strike a paragraph from the Complaint as privileged and inadmissible, and (3) move for a more definite statement of the remaining causes of action. The Court addresses each in turn. First, however, the Court rules on Defendants' request for judicial notice of what appears to be the arbitrator's decision in Plaintiff's due process hearing.

    a.    <u>Defendant's Request for Judicial Notice</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9/10

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

Together with their Motion to Dismiss, Defendants submit "[t]he Arbitrator's Decision of Arbitrator C. Chester Brisco, dated October 31, 2008" and a request that the Court take judicial notice of the contents of the decision. *Request for Judicial Notice* 1:19-24. Judicial notice is apparently warranted under Federal Rules of Evidence 902(1) and 902(2). The Court disagrees.

First, the Court notes that evidence cannot be admitted under both 902(1) and 902(2). Rule 902 provides that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: (1) Domestic public documents under seal . . . (2) Domestic public documents not under seal." Fed. R. Evid. 902(1)-(2). Either a document is under seal or it is not, and either 902(1) applies *or* 902(2) applies, respectively.

The Court notes that the arbitrator's decision does not bear "a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution." Fed. R. Evid. 902(1). As such, Rule 902(1) does not apply, and the only other basis for taking judicial notice of the decision cited by Defendants is Rule 902(2). However, Rule 902(2) applies to public documents not under seal only if "a public officer having a seal and having official duties in the district of political subdivision of the officer or employee [who signed it without a seal] certifies under seal that the signer has the official capacity and that the signature is genuine." Fed. R. Evid. 902(2). Although the arbitrator signed the decision himself, no certification that the arbitrator had any official capacities was provided under seal by Defendants. Neither Rule 902(1) or 902(2) applies to the arbitrator's decision in this case and the Court does not take judicial notice of it on the grounds provided.

    a.    <u>Dismissal of Plaintiff's § 1983 Cause of Action Under Rule 12(b)(6) for Failure to State a Claim</u>

Of Plaintiff's four claims in the Complaint—Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, § 1983 based on deprivation of Due Process rights, and § 1983 based on an illegal search and seizure—Defendants apparently only seek dismissal of the § 1983 claims. *See Mot.* 5:22-24, 6:24-25.

    1.    <u>Legal Standard for a Rule 12(b)(6) Motion to Dismiss</u>

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#9/10**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

  Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

  In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

  Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe her complaint liberally. *Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints."). Indeed, the Supreme Court has held that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted). Nonetheless, "[a]lthough a pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint [can]not be cured by amendment," *O'Neal v. Price,* 531 F.3d 1146, 1149 (9th Cir. 2008) (citation omitted), in some circumstances, dismissal of a pro se litigant's complaint with prejudice may be warranted. *See id.* (citing *McHenry v. Renne,* 84 F.3d 1172, 1178-80 (9th Cir. 1996)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9/10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider a) documents that are "properly submitted as part of the complaint," b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

    2.    Res Judicata

Defendants first assert that Plaintiff's § 1983 claims are barred under the doctrine of res judicata "for failure to overturn a prior quasi-judicial proceeding." *Mot.* 5:22-24. The Court is not sure what Defendants mean when they say res judicata applies "for failure to overturn a prior quasi-judicial proceeding," but notes that "[t]he party asserting collateral estoppel carries the burden of proving a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *In re Lambert*, 233 Fed. Appx. 598, 599 (9th Cir. 2007) (internal quotation omitted).

After being terminated in March of 2008, Plaintiff was allegedly afforded a due process hearing before an arbitrator pursuant to his Collective Bargaining Agreement with the School District and his rights under California Education Code § 45113. *See Mot.* 5:10-21. The above determination that judicial notice is inappropriate for purposes of this motion extinguishes Defendants' res judicata argument. Defendants' argument depends entirely on what was presented at the due process hearing, what the arbitrator determined, and that the arbitration actually took place. While Plaintiff's Complaint alleges that some type of hearing took place, *see Compl.* ¶ 15, there is no way for this Court to determine whether there was an "adequate opportunity to litigate" the issues presented, and whether the issues were necessarily "resolved." *See Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986) (allows preclusion where "a state agency acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate" (internal quotation omitted)). As a result, the pleadings before the Court do not establish that this lawsuit is precluded by any earlier arbitration.

    3.    Eleventh Amendment

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9/10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

Defendants also claim that Plaintiff's § 1983 claims are barred under the Eleventh Amendment. The Eleventh Amendment provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Although it is difficult to concisely state the exact boundaries of the Eleventh Amendment, "it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent." *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 250 (9th Cir. 1992). School districts in California are state agencies within the reach of the Eleventh Amendment. *See id.* at 254. Because Plaintiff seeks damages under § 1983 from the School District and Jaffe in her official capacity as Assistant Superintendent, Plaintiff's § 1983 claims are barred. *See Edleman v. Jordan*, 415 U.S. 651, 663 (1974) (barring claims against certain state officials under the Eleventh Amendment because "[w]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants" (citation omitted)).

    4.  <u>Failure to State a Claim Against Jaffe Individually</u>

Despite dismissing Plaintiff's § 1983 claims against the School District and Jaffe in her official capacity under the Eleventh Amendment, the claims against Jaffe *individually* survive, and are the basis of Defendants' next argument. Specifically, Defendants maintain that the October 31, 2008 decision of the arbitrator "establishes that Plaintiff was, indeed, provided the due process to which he is entitled under state law and his Collective Bargaining Agreement." *Mot.* 6:18-21. This alone, according to the Defendants, proves that "the Complaint fails to set forth facts sufficient to support a claim for violation of 42 U.S.C. Section 1983 against Ms. Jaffe in her individual capacity." *Id.* 6:21-23. Defendants' argument assumes that the Court would take judicial notice of the arbitrator's decision and must fail without the Court admitting the evidence for the purposes of this Motion.

    b.  <u>Strike Portions of a Pleading Under Rule 12(f)</u>

In addition to their Motion to Dismiss under Rule 12(b)(6), Defendants seek to strike paragraph 15 of the Complaint as "privileged and inadmissible."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9/10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief " and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

Defendants only basis for striking paragraph 15 of Plaintiff's Complaint is that 42 U.S.C. § 2000e-5(b) makes "all matters at [Equal Employment Opportunity Commission] EEOC mediations . . . privileged and inadmissible." *Mot.* 7:1-6. Defendants misread 42 U.S.C. § 2000e-5(b). Section 2000e-5b of Title 42 of the United States Code provides, in relevant part, that:

> If the [EEOC] determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by *informal methods of conference, conciliation, and persuasion*. Nothing said or done during and *as a part of such informal endeavors* may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

42 U.S.C. § 2000e-5b (emphasis added). The provision in § 2000e-5b prohibiting disclosure of information applies only to those things "said or done" as a part of the *informal endeavors* that the EEOC is entitled to take *after* conducting its investigation. *See id.* Paragraph 15 of Plaintiff's Complaint states that Defendants "[g]ave the E.E.O.C. inconclusive information in the *investigation*," and, as a result, § 2000e-5b's prohibition does not apply to the Complaint as pleaded. Defendants' Motion to Strike is therefore DENIED.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9/10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

    c.    <u>Request for a More Definite Statement Under Rule 8</u>

    Finally, Defendants seek a more definite statement of the remaining claims in Plaintiff's Complaint asserted against the School District. The Court notes that Defendants do not seek a more definite statement of the claims asserted against Jaffe in her individual capacity.

    Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because the pleading requirements of the Federal Rules are construed liberally, motions for a more definite statement are generally disfavored and rarely granted. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (C.D. Cal. 1981); William W. Schwarzer, *et al.*, Federal Civil Procedure Before Trial, § 9:351 (The Rutter Group 2008). Furthermore, "it is improper to seek to utilize the motion for a more definite statement for the purpose of eliciting evidentiary facts, or for that matter, any facts beyond those which are necessary to enable the movant to frame a responsive pleading." *Kuenzell v. U.S.*, 20 F.R.D. 96, 97 (N.D. Cal. 1957).

    The Court agrees that the Complaint lacks both complete sentences and clear connections between the facts and the legal theories upon which the claims are premised. Although Defendants know enough about the facts of the case to present the pending Motions to Dismiss and Strike, no answer could reasonably be prepared with the Complaint in its current state. As a result, the Court GRANTS Defendants Motion for a More Definite Statement and Orders the Plaintiff to clarify the factual and legal allegations in his Complaint by December 17, 2010, except for those claims asserted against Jaffe in her individual capacity.

III.    <u>Conclusion</u>

    Defendants' entire brief is seven pages long, and cites to only three cases to explain res judicata, the Eleventh Amendment, motions to strike and motions for a more definite statement. They provide no legal standard by which the motions are to be adjudged and, to put it generously, only briefly explain the grounds that arguably warrant granting the motions. And, while the Motion purportedly seeks dismissal of the entire Complaint, *see Mot.* 1:26, counsel for the Defendants fail to present a single argument that would warrant dismissing Plaintiff's non-§ 1983 claims. Plaintiff's unclear Complaint is in part attributable to his lack of legal training; Defendant's Motion lacking legal reasoning or authority is attributable only to carelessness.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#9/10**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-6248 PSG (FFMx) | Date | November 17, 2010 |
|---|---|---|---|
| Title | Rodrick A. Sinclair v. Culver City Unified School District, *et al.* | | |

Nevertheless, the Court finds merit in Defendants' Eleventh Amendment argument and DISMISSES Plaintiff's § 1983 claim against the School District and Jaffe in her official capacity WITH PREJUDICE. The Court also GRANTS Defendant's Motion for a More Definite Statement as to those claims against the School District, not against Jaffe in her individual capacity. Plaintiff is ordered clarify the Complaint by December 15, 2010. Failure to clarify the Complaint by December 15, 2010 will result in dismissal of Plaintiff's claims with prejudice. The Court DENIES the remainder of Defendants Motion.

**IT IS SO ORDERED.**